1  SCOTTLYNN J HUBBARD IV, SBN 212970
   **DISABLED ADVOCACY GROUP, APLC**
2  12 Williamsburg Lane
   Chico, CA 95926
3  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
4  Email: USDCCentral@HubsLaw.com

5  Attorneys for Plaintiff

<br>

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

<br>

| | |
|---|---|
| MICHAEL ROCCA,<br><br>    Plaintiff,<br><br>    vs.<br><br>NORM'S RESTAURANTS; JDM HOLDINGS, LP; NORMAN CIENEGA PROPERTY GROUP, LLC,<br><br>    Defendants. | Case No. CV14-08217 ODW (VBK)<br><br>**Plaintiff's First Amended Complaint** |

## I. SUMMARY

1. This is a civil rights action by plaintiff Michael Rocca ("Rocca") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Norm's Restaurant
470 North La Cienega
West Hollywood, CA 90048
(referred to hereinafter as "the Restaurant")

2. Rocca seeks damages, injunctive and declaratory relief, attorney fees and costs pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) and related California statutes against: Norm's Restaurants; JDM Holdings, LP; and, Norman Cienega Property Group, LLC (hereinafter collectively referred to as "Norm's Restaurants").

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. Rocca's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Central District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7. Norm's Restaurants owns, operates, and/or leases the Restaurant, and consists of a person (or persons), firm, and/or corporation.

8. Rocca is a T6 paraplegic due to a motorcycle accident. He is unable to walk or stand and uses a mobility equipped vehicle when traveling. Consequently, Rocca is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9. The Restaurant is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10. Rocca visited the Restaurant and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Rocca, the barriers at the Restaurant included, but are not limited to, the following:

- The disabled parking spaces have slopes and/or cross slopes that exceed 2.0% due to an encroaching built-up curb ramp. Without a level parking space it is difficult for Rocca to unload/transfer from a vehicle as his wheelchair rolls and/or a lift's platform cannot sit level;
- The access aisle has slopes and/or cross slopes that exceed 2.0% due to an encroaching built-up curb ramp. Without a level access aisle, it is difficult for Rocca to unload/transfer from a vehicle as his wheelchair rolls and/or a lift's platform cannot sit level;
- The tow away signage posted is incorrect. Without the correct signage posted, Rocca cannot have vehicles towed that are illegally parked in disabled parking spaces;

- The International Symbol of Accessibility at the entrance is not mounted in the correct location, thus making it difficult for Rocca to locate and determine if the Restaurant is intended to be accessible to him;
- The signage on the men's restroom door is incorrect, thus making it difficult for Rocca to determine if the facility is intended to be accessible to him;
- There is no signage at the strike side of the men's restroom door that would indicate to Rocca that the facility is intended to be accessible to him;
- There is insufficient strike side clearance when entering the men's restroom, thus making it difficult for Rocca to open the door;
- There is no handle on the exterior of the water closet stall door, thus making it difficult for Rocca to open;
- The water closet stall door is not self-closing, thus making it difficult for Rocca to open and shut;
- There is no handle on the interior of the water closet stall door, thus making it difficult for Rocca to open and shut;
- The water closet stall is too small, thus making it difficult – if not impossible – for Rocca to enter and use;
- There is insufficient clear space at the water closet, thus making it difficult – if not impossible – for Rocca to use;
- The flush valve is not located on the wide side of the water closet, thus making it difficult for Rocca to reach and use;
- The toilet tissue dispenser is mounted too high, thus making it difficult for Rocca to reach and use;

- The toilet tissue dispenser is mounted too far from the front of the water closet, thus making it difficult for Rocca to reach and use;
- The pipes beneath the lavatory are improperly and incompletely wrapped, thus causing Rocca to risk burning his legs when washing his hands; and,
- The soap dispensers are mounted outside of the required reach range limits.

These barriers prevented Rocca from enjoying full and equal access.

11. Rocca was also deterred from visiting the Restaurant because he knew that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

12. Rocca also encountered barriers at the Restaurant, which violate state and federal law, but were unrelated to his disability. Nothing within this complaint, however, should be construed as an allegation that Rocca is seeking to remove barriers unrelated to his disability.

13. Norm's Restaurants knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Norm's Restaurants has the financial resources to remove these barriers from Norm's Restaurants (without much difficulty or expense), and make the Restaurant accessible to the physically disabled. To date, however, Norm's Restaurants refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14. At all relevant times, Norm's Restaurants has possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act

Accessibility Guidelines and Title 24 regulations. Norm's Restaurants has not removed such impediments and has not modified the Restaurant to conform to accessibility standards.

## VI. FIRST CLAIM

**Americans with Disabilities Act of 1990**

<u>Denial of "Full and Equal" Enjoyment and Use</u>

15. Rocca incorporates the allegations contained in paragraphs 1 through 15 for this claim.

16. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

17. Norm's Restaurants discriminated against Rocca by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

18. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." <u>Id.</u> § 12181(9).

19. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

20. Here, Rocca alleges that Norm's Restaurants can easily remove the architectural barriers at Restaurant without much difficulty or expense, and that Norm's Restaurants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

21. In the alternative, if it was not "readily achievable" for Norm's Restaurants to remove the Restaurant's barriers, then Norm's Restaurants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

22. On information and belief, the Restaurant was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

23. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

24. Here, Norm's Restaurants violated the ADA by designing or constructing (or both) the Restaurant in a manner that was not readily accessible to the physically disabled public—including Rocca—when it was structurally practical to do so.[1]

<u>Failure to Make an Altered Facility Accessible</u>

25. On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

26. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with

---

[1] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

27. Here, Norm's Restaurants altered the Restaurant in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Rocca—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

28. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

29. Here, Norm's Restaurants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

30. Rocca seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

31. Rocca also seeks a finding from this Court (*i.e.,* declaratory relief) that Norm's Restaurants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM

### Disabled Persons Act

32. Rocca incorporates the allegations contained in paragraphs 1 through 30 for this claim.

33. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

34. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

35. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

36. Here, Norm's Restaurants discriminated against the physically disabled public—including Rocca—by denying them full and equal access to the Restaurant. Norm's Restaurants also violated Rocca's rights under the ADA, and, therefore, infringed upon or violated (or both) Rocca's rights under the Disabled Persons Act.

37. For each offense of the Disabled Persons Act, Rocca seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

38. He also seeks to enjoin Norm's Restaurants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

39. Rocca incorporates the allegations contained in paragraphs 1 through 30 for this claim.

1  40. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

41. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

42. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

43. Norm's Restaurants' aforementioned acts and omissions denied the physically disabled public—including Rocca—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

44. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Rocca by violating the Unruh Act.

45. Rocca was damaged by Norm's Restaurants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

46. Rocca also seeks to enjoin Norm's Restaurants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

47. Rocca incorporates the allegations contained in paragraphs 1 through 13 for this claim.

1  48. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

4  49. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

7  50. Rocca alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

11 51. Norm's Restaurants' non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Rocca and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

# X. PRAYER FOR RELIEF

WHEREFORE, Rocca prays judgment against Norm's Restaurants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Norm's Restaurants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.[2]

5. Interest at the legal rate from the date of the filing of this action.

DATED: January 20, 2015          DISABLED ADVOCACY GROUP, APLC

/s/ Scottlynn J Hubbard IV
SCOTTLYNN J HUBBARD IV
Attorney for Plaintiff

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

Rocca v. Norm's Restaurants, et al.                    Case No. CV14-08217 ODW (VBK)
Plaintiff's First Amended Complaint
Page 12